UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
RONALD ALAN DAVIDSON,
    Debtor.
                                         No. 13-04-18262 SA

RONALD ALAN DAVIDSON,
    Plaintiff,
v.                                                 Adv. No. 06-1079 S
JOHN BUNGAY, et al.,
    Defendants.

### MEMORANDUM OPINION ON TRANSPORTATION INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT ON ALL ISSUES

This matter is before the Court on Defendant Transportation Insurance Company's ("TIC") Motion for Summary Judgment on All Issues (doc 33), filed December 22, 2006. To date Plaintiff has not responded to the Motion. This is a core proceeding. 28 U.S.C. § 157(b)(2).

Summary judgment practice is governed by Fed.R.Bankr.P. 7056 and N.M. L.B.R. 7056-1. N.M. L.B.R. 7056-1 provides, in part:

> A party opposing the motion shall, within 20 days after service of the motion, file a written memorandum containing a short, concise statement in opposition to the motion with authorities. If no such responsive pleading is filed, the court may grant the motion for summary judgment.
> ...
> A memorandum in opposition to the motion shall contain a concise statement of the material facts as to which the party contends a genuine issue does exist. Each fact in dispute shall be numbered, shall refer with particularity to those portions of the record upon which the opposing party relies, and shall state the number of the movant's fact that is disputed. All material facts set forth in the statement of the movant shall be deemed admitted unless specifically controverted.

Because no response was filed all material facts set out in TIC's Motion are deemed admitted and the Court "may" grant summary judgment. Federal Rule 7056(c) provides, however, that summary judgment should be granted in the absence of a genuine issue of material fact when "the moving party is entitled to a judgment as a matter of law." Therefore, the Court must examine the undisputed facts and determine whether TIC is entitled to judgment as a matter of law.

**UNDISPUTED FACTS**

1. Davidson,"Plaintiff", is debtor in Bankruptcy Case 13-04-18262 SA pending in the United States Bankruptcy Court for the District of New Mexico.
2. Davidson's company, T & T Management, was a sub-tenant of an upper portion of a warehouse owned by Bungays located at 717 Coal Ave., S.E., Albuquerque, New Mexico (the "Warehouse"). When Davidson filed his Chapter 13 petition, items remained in the upper portion of the Warehouse. The items stored in the upper portion of the Warehouse when the bankruptcy petition was filed are referred to as "Inventory."
3. The Bungays are insureds under a general liability insurance policy number B2057876177 issued by TIC covering, in part, the Warehouse property.
4. Davidson has asserted claims against the Bungays in connection with Davidson's use of space at the Warehouse.

In turn, the Bungays made a claim on the Insurance Policy. Pursuant to the Insurance Policy, TIC approved the Bungay's retention of Yenson, Lynn, Allen & Wosick, P.C. ("YLAW") to provide a defense for the Bungays. At TIC's expense, in the case captioned <u>S5Sales, Inc. et. al. v. St. Paul/Travelers Insurance, et. al.</u>, pending in the United States District Court for the District of New Mexico, as Case No. CIV-05-0005 WJ/ACT (the "U.S. District Court Action"). Pursuant to the Insurance Policy, TIC is paying for the Bungays' defense in the U.S. District Court Action.

5. The Bungays are also parties to this adversary proceeding in which they are represented by other counsel.

6. Although TIC pays Bungays for legal fees and expenses incurred in connection with YLAW representing Bungays in the U.S. District Court Action, neither YLAW nor attorney Matthew A. Pullen is now nor ever has been an attorney or agent for TIC in connection with the U.S. District Court Action, the Warehouse, the Inventory, or any other matter involving Davidson.

7. At some point after Davidson's bankruptcy petition was filed, the Inventory was moved from the upper portion of the Warehouse.

8. TIC had no involvement in any aspect of moving the Inventory, other than to approve the Bungays' incurring of

the expense to move the Inventory, and to pay for the cost of the move and continued storage of the Inventory. TIC did not arrange for or supervise the Inventory move. No one from TIC was present at the time the Inventory was moved. No one from TIC has accessed or has had access to the Inventory before or after it was moved.

9. TIC never had possession of and never exercised any dominion or control of any portion of the Warehouse or the Inventory, and never participated in the management of the Warehouse.

10. TIC did not conduct a sale or participate in a sale of the Inventory or any part of the Inventory at any time. TIC has no knowledge of any sale of any portion of the Inventory apart from Davidson's allegations made in connection with this adversary proceeding. If any such sale occured, TIC was not aware of it.

11. TIC did not assume responsibility for the safekeeping of the Inventory at the Warehouse or any part of the Inventory at the Warehouse at any time.

12. TIC did not at anytime cut or destroy any locks at the Warehouse or participate in any way in cutting or destroying locks belonging to Davidson.

13. TIC did not make any representations to Davidson or to anyone on his behalf with respect to the Inventory or moving the Inventory.

**CONCLUSIONS OF LAW**

1.  Counts I through IV of the Complaint filed in this case do not state claims against TIC and TIC is entitled to summary judgment as a matter of law on Counts I through IV.

2.  Count V of the Complaint is against all Defendants, and is based on "Conversion/Theft & Fraud."

    A.  "Under New Mexico law, tortious conversion of property has been defined to include, <u>inter alia</u>, the wrongful possession of, or the exercise of dominion over, a chattel to the exclusion or in defiance of the owner's rights." <u>Allstate Ins. Co. v. Jensen</u>, 109 N.M. 584, 589 n.4, 788 P.2d 340, 345 n.4 (1990)(Citations omitted.) Undisputed facts 8-11 establish that TIC did not convert any property.

    B.  Theft is defined as "The felonious taking and removing of another's personal property with the intent of depriving the true owner of it; larceny." <u>Black's Law Dictionary</u> 1486 (7th ed. 1999). <u>See also</u> NMRA Crim. UJI 14-1601 (elements of larceny). Undisputed facts 8-11 establish that TIC did not steal any property or commit theft.

    C.  "The elements of fraud include (1) a misrepresentation of fact, (2) either knowledge of the falsity of the representation or recklessness on the part of the party

Case 06-01079-s    Doc 44    Filed 02/08/07    Entered 02/08/07 09:30:26 Page 5 of 7

making the representation, (3) intent to deceive and to induce reliance on the misrepresentation, and (4) detrimental reliance on the misrepresentation." Williams v. Stewart, 137 N.M. 420, 429, 112 P.3d 281, 290 (Ct. App. 2005). TIC made no representations. See Undisputed fact 13. Therefore, TIC is not guilty of fraud.

3. Count VI complains of a violation of the automatic stay of Bankruptcy Code Section 362. Undisputed facts 6-12 establish that TIC did not take any actions with respect to or exercise control over any estate property. Count VI should be dismissed as to TIC.

4. Count VII is against the Bungays and TIC and claims that the defendants are liable to Debtor and the estate for damages they have inflicted as a result of negligence. Davidson does not allege what act or omission TIC committed or failed to perform. See NMRA Civ UJI 13-1601 (defining negligence.) The undisputed facts also fail to identify any duty running from TIC to Davidson. The negligence count should be dismissed as to TIC.

5. Count VIII seeks injunctive relief. "The Court has repeatedly held that the basis for injunctive relief in the federal courts has always been irreparable injury and the inadequacy of legal remedies." Weinberger v. Romero-

Case 06-01079-s    Doc 44    Filed 02/08/07    Entered 02/08/07 09:30:26 Page 6 of 7

Barcelo, 456 U.S. 305, 312 (1982). Each other count of this complaint seeks money damages. Legal remedies are available. The Court should not issue an injunction. TIC should be granted summary judgment on this count.

6. The Court will enter a separate Order granting TIC's Motion for Summary Judgment and dismiss this case as to TIC.

_____
Honorable James S. Starzynski
United States Bankruptcy Judge

copies to:

George M Moore
Moore, Berkson & Gandarilla
PO Box 216
Albuquerque, NM 87103-0216

Robert H Jacobvitz
500 Marquette NW Ste 650
Albuquerque, NM 87102-5309

Brandon Hertzler
PO Box 3006
Albuquerque, NM 87190-3006

Michael Patrick Clemens
Butt, Thorton & Baehr, P.C.
PO Box 3170
Albuquerque, NM 87190-3170

Steven K Eisenberg
261 Old York Rd Ste 410
Jenkintown, PA 19046-3722