In re:
RONALD ALAN DAVIDSON,
    Debtor.                                            No. 13-04-18262 SA

RONALD ALAN DAVIDSON,
    Plaintiff,
v.                                                    Adv. No. 06-1079 S

JOHN BUNGAY, et al.,
    Defendants.

## MEMORANDUM OPINION ON PLAINTIFF'S MOTION
## FOR CONTINUANCE AND DEFENDANTS' MOTION
## AND AMENDED MOTION TO SET ASIDE DEFAULT

This matter came before the Court for trial on August 1, 2007 on the merits of Defendants' (M & C Cleaning Services, Inc., Juan Marinelarena and Victor Reyes) Motion to set aside default (doc 56) and Amended Motion to set aside default (doc 65). After Defendants rested in presentation of their case Plaintiff called one of the Defendants to testify and then made an oral motion for continuance in order to secure attendance of a witness. The Court took the matters under advisement. Plaintiff appeared through his attorneys Brandon Hertzler and Steven K. Eisenberg. Defendants appeared through their attorneys Mark M. Rhodes and Hazen H. Hammel. This is a core proceeding. 28 U.S.C. § 157(b)(2)(A). For the reasons set forth below, the Court finds that it should deny the oral motion for continuance and should set aside the default. This Memorandum Opinion constitutes the Court's Findings of Fact and Conclusions of Law as may be required by Fed.R.Bankr.P. 7052.

**MOTION FOR CONTINUANCE**

Plaintiff seeks a continuance due to the nonappearance of John Bungay/Bungay Properties, LLC at trial. John Bungay was a party in this adversary proceeding until he was dismissed by Order entered June 5, 2007 (doc 84). Bungay Properties, LLC has never been a party to this adversary proceeding. Trial of this matter was set at a pretrial conference held on July 2, 2007. See Docket 94 (Order resulting from final pretrial conference.) Docket entry 101 is a July 26, 2007 subpoena issued by attorney Brandon Hertzler addressed to:

> John Bungay, Pres. Bungay Properties, LLC
> c/o National Registered Agents, Inc.
> 433 Paseo de Peralta
> Santa Fe, NM 87501.

It compelled appearance at the August 1, 2007 trial. The subpoena was served by a process server on July 26, 2007 on Lois Caroline Pedres at 433 Paseo de Peralta, and the "manner of service" was "personal to Lois Caroline Pedres." The record is silent as to whether a witness fee was tendered[1].

The subpoena is unclear as to whether it is attempting to elicit the testimony of John Bungay or Bungay Properties, LLC.

---

[1] Under Rule 45, witness and mileage fees must be tendered to the witness when the subpoena is served. Klockner Namasco Holdings Corp. v. Daily Access.Com, Inc., 211 F.R.D. 685, 687 (N.D. Ga. 2002). Otherwise, the witness is not compelled to appear and the other party is not entitled to sanctions. Id. Due to the reasons found below, the Court does not need to address this issue.

Case 06-01079-s    Doc 111    Filed 02/20/08    Entered 02/20/08 13:23:53 Page 2 of 9

It is addressed to the registered agent, so it appears that the LLC was the subject of the subpoena. However, Fed.R.Civ.P. 30(b)(6), applicable under Fed.R.Bankr.P. 7030, allows the deponent entity to "designate one or more of its own officers, directors, or managing agents, or other persons who consent to testify on its behalf." This subpoena attempted to designate the identity of the deponent, so is probably objectionable. On the other hand, if Plaintiffs were attempting to subpoena John Bungay specifically, the Court finds that service of process on the registered agent of the LLC was inadequate[2]. See Application of Johnson & Johnson, 59 F.R.D. 174, 177 (D. Del. 1973)(Cannot serve subpoena on named individual by making service on registered agent for corporation.)

The main reason the Court denies the motion for continuance, however, is the delay in issuing the subpoena. The trial date

---

[2] The parties dispute whether in-hand personal service is required to serve a subpoena. The Tenth Circuit has not addressed this issue and the courts are divided. Compare Klockner Namasco Holdings Corp. v. Daily Access.Com, Inc., 211 F.R.D. 685, 687 (N.D. Ga. 2002)(Rule 45 does not incorporate service provisions of Rule 5; service on deponent's wife at residence is invalid.) with Hall v. Sullivan, 229 F.R.D. 501, 506 (D. Md. 2005)(Delivery of a subpoena by Federal Express satisfies Rule 45.) See also 9A Charles Alan Wright and Arthur R. Miller, Fed. Prac. & Proc. Civ.2d § 2454 ("The longstanding interpretation of Rule 45 has been that personal service of subpoenas is required. ... In recent years a growing number of cases have departed from the view that personal service is required and alternatively have found service of a subpoena under Rule 45 proper absent personal service." (Footnotes omitted.)) Due to the reasons found below, the Court does not need to address this issue.

Case 06-01079-s    Doc 111    Filed 02/20/08    Entered 02/20/08 13:23:53 Page 3 of 9

was set on July 2, 2007. The subpoena did not issue until July 25th, only six days before trial. The Court finds that six days was not a reasonable time for compliance. This is especially true given the nature of the service of the summons through an agent in Santa Fe. Therefore, the Court will enter an Order denying the oral motion for continuance.

**MOTIONS TO SET ASIDE DEFAULT**

Setting aside a default is governed by Fed.R.Civ.P. 55(c), which is applicable to bankruptcy cases under Bankruptcy Rule 7055. Rule 55(c) states: "For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." In this case, default judgment has not been entered. Therefore, Defendants need only show "good cause" to set aside the default. "Good cause" is a less stringent standard than the excusable neglect which must be shown under Rule 60(b). <u>Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.</u>, 115 F.3d 767, 775 n. 6 (10th Cir. 1997).

Courts generally consider three factors in assessing good cause in a default setting. <u>Dierschke v. O'Cheskey (In re Dierschke)</u>[3], 975 F.2d 181, 183 (5th Cir. 1992). "In determining

---

[3]The Tenth Circuit has no published opinions that adopt the three factors analysis in a Rule 55(c) motion. However, both <u>Guttman v. Silverberg</u>, 167 Fed. Appx. 1, 4 (10th Cir. 2005) (unpublished), <u>cert. denied</u>, 547 U.S. 1112 (2006) and <u>Hunt v.</u>
(continued...)

whether to set aside a default decree, the district court should consider whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." Id. (quoting United States v. One Parcel of Real Property, 763 F.2d 181, 183 (5th Cir. 1985).)

The Court finds that:

1) On or about May 18, 2005, M & C Cleaning Services, Inc., Juan Marinelarena and Victor Reyes entered into a lease agreement with Bungay Properties, LLC for certain space in a building at 717 Coal Ave. SE, Albuquerque, New Mexico. (Exhibit 1). Part of the space was occupied by goods belonging to Plaintiff. A lease addendum also dated May 18, 2005 states that "Merchandise that was left on premises is projected to be moved by July 15th, 2005. As attorneys and insurance companies are involved, lessor will not be held liable if inventory is not removed by this date. The commencement of rent will not begin until the merchandise is removed from the premises; even though first month's rent has been received June 1, 2005." (Exhibit 2). Defendants

---

$^{3}$(...continued)
Ford Motor Co., 65 F.3d 178, *3 (10th Cir. 1995)(unpublished) cite to and rely on the Dierschke case as stating the law. The Tenth Circuit has applied the three factor analysis in a Rule 60(b) motion. See United States v. Timbers Preserve, Routt County, Colorado, 999 F.2d 452, 454 (10th Cir. 1993).

Page -5-

Case 06-01079-s   Doc 111   Filed 02/20/08   Entered 02/20/08 13:23:53 Page 5 of 9

were also informed that there were legal proceedings concerning the goods.

2) This adversary proceeding was filed on February 20, 2006. The summons issued on February 22, 2006. Plaintiff filed a certificate of service on February 23, 2006, that states that the three defendants were served by mail on February 23, 2006, all at: 4532 Capri Court NW, Albuquerque, NM 87114. In addition, M & C Cleaning Services, Inc.'s summons was addressed "ATTN: Officer or Managing or General Agent."

3) Defendants Juan Marinelarena and Victor Reyes are native Spanish speakers and speak little or no English. Neither had been sued before, and neither understood the words "summons", "complaint" or "defendant".

4) Juan Marinelarena received the "letter" containing the summons and complaint at the above address, which is his home, in February, 2006. He saw that the letter involved the business so he took it to the office. At the office he and Victor Reyes opened the letter and saw the summons and complaint, but neither understood what it was. They called Bungay because the letter also had Bungay's name on it, telling him that they had a letter for him. Bungay came and saw the summons and complaint and told them not to worry, all was in control. Between February 2006 and February 2007

Case 06-01079-s    Doc 111    Filed 02/20/08    Entered 02/20/08 13:23:53 Page 6 of 9

they repeatedly asked Bungay about the lawsuit regarding the goods and he informed them that Juan Marinelarena would be called as a witness at some point. Bungay never told the Defendants that they needed an attorney or that this adversary proceeding was not the same litigation as that concerning the goods left on the premises.

5) On February 13, 2007, the Clerk entered default against the three Defendants. Doc 53.

6) Also on February 13, 2007, Bungay went to Defendants' office and told Mrs. Reyes that Victor needed to speak to an attorney because he needed to file something with the Court. Bungay then told her that the Defendants had been named in a lawsuit. On that day they obtained the services of a lawyer.

7) On February 15, 2007, Defendants filed their Motion to Set Aside Clerk's Entry of Default. Doc 56.

8) On April 20, 2007, Defendants filed their Amended Motion to Set Aside Clerk's Entry of Default. Doc 65. The Amended Motion has, as an exhibit, a proposed answer to the complaint that denies any and all liability to the Plaintiff. If Defendants were successful in proving the allegations of their answer, they would have a complete defense to the claim.

Case 06-01079-s   Doc 111   Filed 02/20/08   Entered 02/20/08 13:23:53 Page 7 of 9

9) Plaintiff argued that the one-year delay in answering the complaint has prejudiced him. However, he was unsuccessful in proving that any witnesses would not be available or that any evidence had been lost. He also argued that the dismissal of Bungay from the case could prejudice his claims against these Defendants. The Court finds that the dismissal of Bungay is not prejudicial to Plaintiff. He is still available as a witness if timely and properly subpoenaed.

The Court concludes that:

1) The default was not "willful" because Defendants did not understand they were being sued, could not read the documents served on them, and were told by their landlord that nothing needed to be done. The Court finds that in these particular circumstances the Defendants reasonably or at least justifiably relied on Bungay's advice. Also, as soon as the Defendants realized they had been sued they contacted an attorney and expeditiously filed their motion to set aside.

2) Setting aside the default will not prejudice the Plaintiff. There was no showing that witnesses would be unavailable or that evidence had been lost.

3) Defendants presented a meritorious defense.

4) The default should be set aside.

The Court will enter an Order setting aside the default and scheduling a pretrial conference.

　　　　　　　　　　　　　　　　　　/s/ James S. Starzynski
　　　　　　　　　　　　　　　　　　Honorable James S. Starzynski
　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge

Date Entered on Docket:　February 20, 2008

copies to:

Brandon Hertzler
PO Box 3006
Albuquerque, NM 87190-3006

Steven K Eisenberg
261 Old York Rd Ste 410
Jenkintown, PA 19046-3722

Hazen Hammel
Rhodes & Salmon PC
1801 Lomas Blvd NW
Albuquerque, NM 87104